IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY VANATTA | ) | |
| | ) | |
| v. | ) | 3-09-CV-1009-L |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Michael Ray Vanatta was charged by indictment in Cause No. F-05-25147-RK with the offense of aggravated robbery. In addition the indictment alleged two prior felony convictions for enhancement of punishment. Pursuant to a plea bargain in which the prosecution dismissed the enhancement paragraphs of the indictment, Petitioner entered a plea of guilty before the trial court. After a mental health evaluation was made, the trial court assessed

punishment of 15 years imprisonment together with a $1,000.00 fine.  Vanatta appealed his conviction which was affirmed in an unpublished decision by the Fifth Court of Appeals at Dallas on January 30, 2007.  His subsequently filed untimely petition for discretionary review was dismissed by the Texas Court of Criminal Appeals on April 18, 2007.  His initial application for habeas corpus relief pursuant to Article 11.07 Texas Code of Criminal Procedure was dismissed on May 30, 2007 due to the pendency of his direct appeal.  His second Article 11.07 application WR-67,518-04 was denied on April 8, 2009 by the Court of Criminal Appeals without written order on the findings of the trial court without a hearing.  He then filed his Section 2254 petition in this court on May 19, 2009.

In response to the petition and this Court's show cause order, Respondent has filed his answer together with copies of Vanatta's prior state proceedings.  It is not claimed that he failed to exhaust state remedies and therefore the petition is before the court for merits review.  Vanatta filed a reply to the answer on November 30, 2009.

**Findings and Conclusions**: In two separate grounds for relief Vanatta claims that he was denied the effective assistance of counsel by his trial attorney.  His § 2254 petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA") which in pertinent part forecloses the granting of federal habeas corpus relief to a state prisoner unless the determination made in the state court system:

> (1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2)

The standard under which ineffective assistance of counsel claims are analyzed is the two part test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). A habeas petitioner must prove both that his attorney's conduct fell below the objective standard of the representation required by the Sixth Amendment **and** that the deficient performance of the attorney prejudiced the petitioner's defense. Failure to establish either prong of the two part test precludes federal habeas corpus relief. *Id.* at 687. Since Vanatta pleaded guilty in order to satisfy the "prejudice" prong of the *Stickland* test, he must further allege and establish that but for counsel's errors he would not have pleaded guilty, but would have pleaded not guilty and demanded a trial. *Hill v. Lockhart* 474 U.S. 52, 57-58, 106 S.Ct. 366 (1985); *see* also *Craker v. McCotter*, 805 F. 2nd 538, 542 (5th Cir. 1986).

The indictment in No. F-05-25147-RK charged Vanatta with the offense of aggravated robbery and alleged two prior felony convictions for enhancement of punishment. *See* No. 05-06-00442-CR [F-05-25147-RK] Record, Volume One at 002. As a first degree felony under Texas law the punishment range for aggravated robbery was life imprisonment or a term of years of not more than 99 or less than 5 years, Tex. Penal Code § 12.32(a). However, if it were determined that he had also been convicted of the two alleged prior felonies, the minimum prison sentence would have been 25 years, *Id.* § 12.42(d).

As part of the plea bargain which resulted in Vanatta's guilty plea, the prosecution agreed to dismiss the enhancement paragraphs of the indictment, but recommended that the court impose a prison sentence. *See* No. 05-06-00442-CR, supra, Volume One at 010-11. Since in neither his art. 11.07 application which was denied nor in the present § 2254 petition has he alleged or established by a preponderance of the evidence that he would have demanded a trial and subjected himself to

3

a possible <u>minimum</u> term of at least 25 years imprisonment, he cannot satisfy the "prejudice" prong of the *Stickland* test.

Moreover, his claim that his attorney misled him into believing that he was pleading guilty to a third degree felony which carried a maximum prison sentence of 10 years, *see* Tex. Penal Code § 12.34 (a), is equally refuted by the record. *See* No. F-05-25147-RK, Reporter's Record, Volume 2. Not only did the state judge advise him of the range of punishment, *Id.* at 5, but after having been placed under oath, Vanatta reiterated his understanding that the punishment could be from 5 to 99 years or life imprisonment, *Id.* at 7-8. In his Findings of Fact and Conclusions of Law on which the Court of Criminal Appeals denied the habeas application, the presiding trial judge found that Vanatta understood the range of punishment. *See* App. No. WR-67,518.04 at 113, ¶¶ 4 and 5. Petitioner cannot show that this constituted an unreasonable determination of the facts and therefore he is not entitled to relief on his claim. Eg. *see U.S. v. Fuller*, 769 F. 2nd 1095, 1099 and n. 22 (5th Cir. 1985); (a habeas petitioner cannot refute his prior statements under oath without independent corroboration).[1]

**<u>RECOMMENDATION</u>**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

---

[1]Petitioner refers to the clerical notation "Agg Rob DW/3RD" which appears above the charging language of the indictment itself to support his contention that he thought he was only being charged with a third degree felony. *See* No. 05-06-00442-CR, supra, Volume One at 002. Although nothing in the state court records explains the designation "DW/3RD," it is clear that he well understood the range of punishment. Further it is well-established that the United States constitution does not require States to obtain an indictment as a prerequisite to a felony charge, *Alexander v. Louisiana*, 405 U.S. 625, 92 S.Ct 1221, 1226-27 (1972), nor is the sufficiency of a state indictment a cognizable issue for federal habeas corpus relief. Eg. *see Yohey v. Collins*, 985 F. 2nd 222, 229 (5th Cir. 1993).

4

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 31st day of December, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.