IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL RAY VANATTA**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-1009-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed December 31, 2009. After seeking an extension of his deadline to object, Petitioner timely filed objections on January 20, 2010, and amended objections on January 21, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Wm. F. Sanderson, Jr. found that the petition should be denied and dismissed. Specifically, he determined that Petitioner's claims of ineffective assistance of counsel fail pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner argues first that the magistrate judge abused his discretion by not holding an evidentiary hearing. He contends that at issue in this case is mental retardation, bipolar-manic depression, severe depression, and mood swings. He argues that he could not adequately comprehend, presumably referring to his guilty plea. In support of this objection, he cites testimony from his guilty plea. He argues that his counsel was ineffective because he failed to investigate his mental health as a defense. Petitioner did not raise this particular argument in his writ of habeas petition or his reply filed in support of his habeas petition. To the extent these are new arguments,

**Order – Page 1**

the court does not consider them. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). The court, nonetheless, finds that even in light of this, there is still no evidence before it that Petitioner would have pleaded not guilty, demanded a trial, and possibly been sentenced to a minimum term of twenty-five years. The magistrate judge also noted, and the court also finds, that Petitioner stated that he understood the proceedings at his plea proceedings and that there is no evidence to refute the state court's finding that he understood the range of punishment. Accordingly, the court **overrules** Petitioner's first objection.

Petitioner also filed amended objections on January 21, 2010. Petitioner cites various case law and argues that his counsel was ineffective and that he should have insisted going to trial on an insanity defense or that the court should hold an evidentiary hearing on his mental retardation. The court finds that this argument is duplicative of his original objections, and, for the same reasons, it **overrules** Petitioner's amended objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses** the writ of habeas corpus **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 29th day of January, 2010.

Sam A. Lindsay
United States District Judge

---

motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**